{¶ 19} I respectfully dissent. The decision of the trial court was based, in part, on the possible self-serving affidavit of Jeffrey Earnest, one of the defendants in the case. The other affidavit upon which the trial court relied was that of Tyler Amstutz. Mr. Amstutz, who was involved in the accident, stated in his affidavit that "Plaintiff wiped out behind me." The only other evidence before the court was that of the affidavit and deposition of Robert Goldberg, a paramedic on duty at the scene. In his affidavit, Mr. Goldberg offered nothing that could shed light on the cause of the accident. However, in his deposition, Mr. Goldberg testified as to his observations in more detail. While he admitted that he did not see the actual collision, based on his observations, he opined that a four-wheeler came down on top of appellant. I would reverse and let a jury weigh the credibility of the witnesses and then decide the issue of proximate cause.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Lanzinger, J. Concur.
Arlene Singer, J., dissents.